IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IRENEUSZ ZIEMKIEWICZ,       *

     Plaintiff,          *

v.                     *         Civil Action No. RDB-13-00438

R+L CARRIERS, INC., *et al.*,    *

     Defendants.       *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

Pending before this Court is Defendants R+L Carriers, Inc. ("Carriers") and R&L Carriers Shared Services, L.L.C.'s ("Shared Services") Motion to Reconsider the December 7, 2012 Order (ECF No. 79) of the United States District Court for the District of New Jersey denying *without prejudice* Defendants' motion to bifurcate discovery into separate liability and punitive damages phases. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants R+L Carriers, Inc. and R&L Carriers Shared Services, L.L.C.'s Motion to Reconsider December 7, 2012 Order (ECF No. 79) is GRANTED. Specifically, there will be a bifurcation of discovery with respect to the issues of liability and possible punitive damages.

## BACKGROUND

On March 29, 2012 Plaintiff Ireneusz Ziemkiewicz ("Plaintiff") brought this action in the United States District Court for the District of New Jersey against Defendant R+L Carriers, Inc. ("Carriers") alleging defamation (Count I), interference with contractual

1

relations (Count II) and interference with prospective economic advantage (Count III). Specifically, Plaintiff alleges that Carriers falsely communicated to potential employers, in response to requests for information about the Plaintiff, that Plaintiff refused to participate in a drug screen required under the Federal Motor Carrier Safety Act. Subsequently, on June 11, 2012, Plaintiff filed an Amended Complaint (ECF No. 12) in which he named R&L Carriers Shared Services, L.L.C. ("Shared Services") and ABC Corporations 1-5 as additional Defendants asserting that these entities either directly participated in the allegedly defamatory communications, or controlled or directed others in publishing the allegedly defamatory statements.

On October 24, 2012, Defendants Carriers and Shared Services filed a Motion to bifurcate liability and damages as to discovery and trial. After conducting a hearing, the New Jersey District Court issued an Order (ECF No. 42) granting in part and denying in part this motion. The court allowed for the bifurcation of discovery as to liability and damages with respect to Carriers pending the resolution of the motion for judgment on the pleadings, but denied the bifurcation of discovery as to punitive damages with respect to Shared Services. Additionally, the court denied without prejudice the motion to bifurcate the trial as to liability and damages. On February 8, 2013, following the issuance of show cause orders upon pain of dismissal or transfer, the New Jersey District Court transferred the case to this Court pursuant to 28 U.S.C. § 1404(a) (ECF No. 57). On May 21, 2013, this Court held a lengthy telephone conference pursuant to which the scheduling order was modified. In a Letter Order (ECF No. 85) issued following this telephone conference, this Court indicated that liability discovery and possible punitive damages discovery would be subject to

bifurcation. Namely, this Court determined that possible punitive damages discovery would be "conducted in January 2014 if necessary after this Court's ruling on dispositive motions." ECF No. 85.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(b), which governs bifurcation, provides that a court may order a separate trial of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b). The court has broad discretion to bifurcate claims for trial and its decision will only be set aside for clear abuse. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir.), *cert denied,* 510 U.S. 915, (1993). "[A]lthough Rule 42 does not expressly address the bifurcation of discovery, courts have looked to similar factors as those relevant to the bifurcation of trial when determining whether discovery related to the deferred claims should be stayed." *Cann v. Balt. Cnty., Md.,* WMN-10-2213, 2011 WL 588343, at *1 (D. Md. Feb. 9, 2011). While the court enjoys broad discretion to bifurcate discovery, "bifurcation of discovery is the exception, rather than rule, and it is clear that in most instances, regular−that is, unbifurcated−discovery is more efficient." *Cent. Transp. Int'l, Inc. v. Gen. Electric Co.,* No. 3:08CV136-C, 2008 WL 4457707, at *3 (W.D.N.C. Sept. 30, 2008).

## ANALYSIS

Defendants R+L Carriers, Inc. ("Carriers") and R&L Carriers Shared Services, L.L.C. ("Shared Services") contend that bifurcation of both trial[1] and discovery are required in this

---

[1] Although Defendants mention the bifurcation of liability and punitive damages at trial, at this time, this Court only addresses their motion with respect to the bifurcation of discovery. Should the issue of trial bifurcation arise again after the conclusion of discovery, Defendants will have the opportunity to renew their motion at that time.

case to protect them, as privately held companies, from "intrusive and likely unnecessary discovery of extremely sensitive information." Mot. to Reconsider at 5, ECF No. 79. Plaintiff opposes Defendants' motion on the grounds that it is untimely and that the bifurcation denial was in line with precedent in the District of New Jersey.

First, Defendants' motion is not untimely. Defendants filed their motion following this Court's inquiry regarding bifurcation during the March 14, 2013 status conference. Second, the United States Court of Appeals for the Fourth Circuit has noted that "a transferred case comes with a history of interlocutory decisions, any or all of which are subject to modification in the transferred court at any time before final judgment." *Harding v. Williams Prop. Co.*, 163 F.3d 598 (table case), 1998 WL 637414, at *5 (4th Cir. 1998) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance")). Moreover, the Fourth Circuit has stated that it "cannot and does not apply the law of another circuit simply because the case was transferred from the other circuit." *Bradley v. United States*, 161 F.3d 777, 782 n.4 (4th Cir. 19998). Instead, a "transferee court should decide federal claim[s] based on its own view of [the] law without deference to [the] law of the transferor circuit." *Id.* (citing *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175-76 (D.C. Cir. 1987)).

Rule 42(b) of the Federal Rules of Civil Procedure grants courts broad discretion to bifurcate issues in a case for reasons of "convenience, to avoid prejudice, or to expedite and economize." FED. R. CIV. P. 42(b). In exercising its discretion, the court must determine "which procedure is more likely to result in a just and expeditious final disposition of the

litigation." 9A CHARLES ALLEN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2388 (3rd ed. 2010). This Court has previously ordered bifurcation of discovery pertaining to liability and damages. *See, e.g.*, *Johnson v. Prince George's Cnty.*, DKC-10-0582, 2011 WL 3267893 (D. Md. July 28, 2011); *EEOC v. McCormick & Schmick's Seafood Rests., Inc.*, WMN-08-984, 2008 U.S. Dist. LEXIS 112283, at *7-9 (D. Md. Nov. 4, 2008); *Scientific-Atlanta, Inc. v. Gen. Instrument Corp.*, HAR-92-99, 1993 WL 56790 (D. Md. Feb. 2, 1993). Additionally, courts in this Circuit have routinely granted bifurcation of discovery until after summary judgment. *See, e.g.*, *Chesapeake Appalachia LLC v. Mountain V Oil & Gas, Inc.*, No 2:11-CV-00207, 2012 WL 4045729 (S.D. W. Va. Sept. 13, 2012); *Shire LLC v. Mickle*, No. 7:10-cv-00434, 2011 WL 2959461 (W.D. Va. July 15, 2011); *cf Farlow v. Wachovia Bank of N.C., N.A.*, 259 F.3d 309, 312 (4th Cir. 2001). In this case, proceeding first with discovery as to liability, and then with punitive damages discovery, if necessary, after the disposition of summary judgment motions furthers the goals of Rule 42(b). It prevents the great prejudice to Defendants and serves to expedite and economize this Court and the parties' resources. Accordingly, Defendants' motion to bifurcate discovery into liability and punitive damages phases is GRANTED. Specifically, punitive damages discovery will occur, if necessary, following the disposition of summary judgment motions.[2]

---

[2] Pursuant to the Letter Order issued on May 21, 2013 (ECF No. 85) summary judgment motions are due by September 18, 2013.

## ORDER

For the reasons stated above, it is this 24th day of May 2013, ORDERED that:

1. Defendants R+L Carriers, Inc. and R&L Carriers Shared Services, L.L.C.'s Motion to Reconsider December 7, 2012 Order (ECF No. 79) is GRANTED. Specifically, there will be a bifurcation of discovery with respect to the issues of liability and possible punitive damages;

2. Punitive Damages Discovery shall be conducted in January of 2014 if necessary after this Court's ruling on dispositive motions; and

3. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

/s/_____
Richard D. Bennett
United States District Judge